IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRILL POPPELL,                *

     Plaintiff,              *

       v.                *          Civil Action No. RDB-10-03549

UNITED STATES OF AMERICA, *et al.*,   *

     Defendants.         *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Terrill Poppell ("Plaintiff" or "Poppell") brought this medical malpractice action against the United States of America ("the United States") and the United States Department of Veterans Affairs, three individual physicians; and the University of Maryland Medical System under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA").[1] Plaintiff's Complaint alleges that Defendants' negligent performance of a second hip replacement surgery, on August 15, 2007, caused him to suffer serious and severe pain as well as required him to obtain additional corrective surgery.  Pending before this Court is Defendant United States of America's Motion to Dismiss Plaintiff's Amended Complaint without prejudice (ECF No. 37) pursuant to Rule 12(b)(6) of the Federal Rules of

---

[1] Although Plaintiff's Complaint does not mention the Federal Tort Claims Act, a claim for medical malpractice against the federal government and its agents necessarily arises under that act. *See* 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.  Doctors Roger Sterling, Terrance Kim and Steven Thompson are the three named individual physicians in this case. *See* Pl.'s Compl. ¶¶ 2-4, 19, ECF No. 2.  According to the Baltimore Veterans Affairs Medical Center ("VAMC"), Doctors Kim and Thompson were residents with the VAMC at the time of the surgery and were therefore federal employees for purposes of the FTCA. *See* Mem. in Supp. of the United States of America's Mot. to Dismiss at 2 n. 3, ECF No. 19-1.  This is not the case for Doctor Sterling as he was under contract with the University of Maryland Medical Center when he served as an attending physician at the VAMC during the surgery. *Id.*

Procedure.  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, said Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 37) is GRANTED and Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

This Court accepts as true the facts alleged in Plaintiff's complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Plaintiff Terrill Poppell ("Plaintiff" or "Poppell") is a "61 year old male with a medical history of avascular necrosis, Steven Johnson Syndrome, Herpes, HIV, Hepatitis C, Aseptic Bony Necrosis and Neurotic Depression."  Pl's Compl. ¶ 10, ECF No. 2.  The facts surrounding the events leading up to and following the second total hip replacement surgery are summarized in this Court's Memorandum Opinion (ECF No. 28) issued on September 21, 2011.  Essentially, Poppell was diagnosed with avascular necrosis in May 2006 and underwent his first total left hip replacement surgery in January of 2007.  Pl.'s Compl. ¶¶ 10-11, 14.  Although he was discharged in stable condition, he continued to suffer from pain and complained that he was pigeon-toed.  *Id.* ¶¶ 16-78.  He then underwent a second total left hip replacement surgery on August 15, 2007, which was performed by Defendants Robert Sterling, Terrance Kim and Steven Thompson.  *Id.* ¶ 20. After the surgery and despite seeking medical advice concerning his post-surgery treatment, Poppell continued to complain of increasing pain in his left hip and leg.  *Id.* ¶ 21.  According to his medical records, his treating doctors represented to Poppell that his symptoms were natural complications resulting from his latest surgery.  Pl.'s Opp. to Defs.' Mot. to Dismiss ¶ 10, ECF No. 25.  However, in December of 2008, Doctor Pellegrini of the University of

Maryland Medical Center ("UMMC") informed Plaintiff that his pain and internal rotation were due to the incorrect size of his prosthesis.  Pl's Compl. ¶23.   Doctor Pellegrini recommended an intervention in order to "correct the maladjustment of the hip" from the August 15, 2007 surgery.  *Id.*  Ultimately, on May 17, 2010, Poppell filed an administrative tort claim with the U.S. Department of Veterans Affairs ("VA") alleging that the August 15, 2007 operation was negligently performed.  Def.'s First Mot. to Dismiss, Exhibit 2 Decl. of Melissa Mack ¶5, ECF No. 19-3.

The United States, removed this action from the Health Care Alternative Dispute Resolution Office[2] to this Court on December 20, 2010.  Notice of Removal, ECF No. 1. The United States then filed a Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 19), which this Court denied via a Memorandum Opinion and Order on September 21, 2011 (ECF Nos. 28 & 29).  In that earlier opinion, this Court held that the Plaintiff became aware of the alleged cause of his injury in December of 2008 at which time the statute of limitations began to accrue.  Memo. Op. at 9, ECF No. 28.  Accordingly, the Court held that the administrative claim was filed within two years as required by the Federal Tort Claims Act, 28 U.S.C. § 2401(b).  *Id.*  Now pending before this Court is Defendant United States of America's Motion to Dismiss Plaintiff's Amended Complaint without prejudice (ECF No. 37) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On behalf of all defendants in this case, the United States notes the failure of the Plaintiff to file a certificate of an attesting expert and the accompanying report.

---

[2] Pursuant to the Maryland Health Care Malpractice Claims Act, claims "against a health care provider for medical injury" must be submitted to the Health Care Alternative Dispute Resolution Office prior to any judicial action.  Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-02.

<u>STANDARD OF REVIEW</u>

This Court has recently held that there is "little practical difference" between analyzing 'whether failure to comply with the Health Care Malpractice Claims Act's prefiling requirements' under the Rule 12(b)(1) or the Rule 12(b)(6) standards of review. *Zander v. United States*, AW-09-2649, 2012 WL 447392, at * 4 (D. Md. Feb. 13, 2012). As such and because the standard of review is not in dispute in this case, this Court will apply the Rule 12(b)(6) standard of review.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew*

*v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>ANALYSIS</u>

Defendant, the United States, moves this Court to dismiss Plaintiff's Amended Complaint without prejudice contending that Plaintiff failed to comply with the pre-filing requirements necessary to maintain a medical malpractice action under the Maryland Health Care Malpractice Claims Act ("HCMCA").  Specifically, Defendant argues that Plaintiff failed to file the mandatory certificate of merit and accompanying report from a qualified expert within ninety (90) days of filing his Complaint with the Maryland Health Care Alternative Dispute Resolution Office ("HCADRO").  In his response, Plaintiff argues that these prefiling requirements are procedural in nature and therefore not applicable in federal court.  Alternatively, he requests an extension for good cause to comply with the certificate of qualified expert and report requirements.

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005)

(citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "The FTCA effects a limited waiver of the United States' sovereign immunity for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.' " *Id.* at 651(citing 28 U.S.C. § 1346(b)(1)). Accordingly, the extent of the United States' liability is determined by "the substantive law of the state where the alleged tort" occurred. *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009); *see also* 28 U.S.C. § 1346(b).

In Maryland, the Maryland Health Care Malpractice Claims ("HCMCA") Act establishes the state administrative claims procedure for medical malpractice actions. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-01 *et seq.* Prior to any judicial action, claims "against a health care provider for medical injury" must be submitted within ninety (90) days to the Health Care Alternative Dispute Resolution Office with "a certificate of qualified expert . . . attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury." *Id.* § 3-2A-04(b)(1)(i). This certificate must also be accompanied by "a report of the attesting expert." *Id.* § 3-2A-04(b)(3)(i). As this Court has noted, these requirements are "not merely a procedural rule, but [are] a condition precedent to bringing a medical malpractice lawsuit in this Court or the Maryland state courts." *Willever v. United States*, 775 F. Supp. 2d 771, 777 (D. Md. 2011) (citations omitted). "The purpose of the certificate and report requirements is to 'weed out non-meritorious claims and assist the plaintiff or defendant in evaluating the merit of the health claim or defense.' " *Id.* (citing *Walzer v. Osborne*, 911 A.2d 427, 438-39 (Md. 2006)). Furthermore, this Court has consistently held that the requirement that a claimant file a

qualified expert certificate and report is "substantive in nature." *Wilson v. U.S. Dept. of Veterans Affairs*, ELH-10-2385, 2011 WL 582577, at * 4 (D. Md. Feb. 8, 2011) (quoting *Anderson v. United States*, CCB-08-3, 2008 WL 3307137, at * 3 (D. Md. Aug. 8, 2008)); *see also Zander v. United States*, AW-09-2649, 2012 WL 447392, at * 6 (D. Md. Feb. 13, 2012), *Willever*, 775 F. Supp. 2d at 778, 784-85 (citing *Davison v. Dinai Hospital of Baltimore, Inc.*, 462 F. Supp. 778 (D. Md. 1978), *aff'd* 617 F.2d 361 (4th Cir. 1980)). Where a plaintiff fails to file the certificate of qualified expert and the accompanying report, dismissal without prejudice is appropriate. *See Zander*, 2012 WL 447392, at * 5 (citing Md. Code Ann., Cts. & Jud. Proc. § 3-2A-06B(b)(1)(i) and *McCready Mem'l Hosp. v. Hauser*, 624 A.2d 1249, 1251 (Md. 1993)); *see also Kinsey v. Women's Surgery Center, LLC*, 584 F. Supp. 2d 746, 749 (D. Md. 2008) and *Carroll v. Konits*, 929 A.2d 19, 22 (Md. 2007).

However, where "[t]he failure to file the certificate was neither willful nor the result of gross negligence," the court may extend the deadline by up to an additional ninety (90) days. Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04(b)(1)(ii). This extension is "subject to a motion to dismiss from the defendant, even if there is no formal request from the claimant or plaintiff." *Kearney v. Berger*, 7 A.3d 593, 661 (Md. 2010). The courts may also allow an extension of time for "good cause shown." *Id.* § 3-2A-04(b)(5). The plaintiff bears the burden of demonstrating good cause which includes: "excusable neglect or mistake . . ., serious physical or mental injury and/or location out-of-state, the inability to retain counsel in cases involving complex litigation, . . . ignorance of the statutory [ ] requirement, and where representations made by [ ] government representatives are misleading." *Kearney*, 7 A.3d at 663 (internal quotation marks and citation omitted).

In this case, the precedent is clear and predates Plaintiff's complaint.  Accordingly, Plaintiff was required to file a certificate of qualified expert and the accompanying report in order to maintain a claim under the Federal Tort Claims Act against Defendants.  While Plaintiff argues that removal to federal court extinguished those requirements, he does not dispute his failure to comply with them.  As such, Plaintiff requested an extension of time to file the required expert certificate and accompanying report both in his Response to Defendant's Motion to Dismiss (ECF No. 38) and in a separate Motion for Extension of Time (ECF No. 40).  The record in this case is quite clear that as of March of 2012 the Plaintiff not only did not have a required certificate of merit and accompanying report of a qualified expert, but had still failed to procure the opinion of a qualified expert by that date. Accordingly, this Court denied the latter motion with a paperless order issued on March 12, 2012 (ECF No. 42).  Because over one hundred and eighty (180) days have long passed since Plaintiff's filing of his claim in May of 2010, the ninety-day extension available under Section 3-2A-04(b)(1)(ii) is no longer applicable.  Moreover, plaintiff has repeatedly failed to demonstrate good cause for an extension of time.  He has not shown excusable neglect or mistake, serious physical or mental injury, ignorance of the statutory requirement or the existence of misrepresentations by the government.  As a result, this Court cannot grant Plaintiff's request for an extension of time and his Amended Complaint is DISMISSED WITHOUT PREJUDICE.  Therefore, Defendant's Motion to Dismiss (ECF No. 37) is GRANTED.

<u>CONCLUSION</u>

For the reasons stated above, Defendant United States of America's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 37) is GRANTED and Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE.


A separate Order follows.


Dated:      May 7, 2012                    __/s/_____
                                           Richard D. Bennett
                                           United States District Judge